UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:21-Cr-20-WWB-EJK

**UNITED STATES,**

   Plaintiff,

vs.

**DERREMY JERRELL WALKER,**

   Defendant.
_____/

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

**COMES NOW** the Defendant, **Derremy Jerrell Walker**, by and through undersigned counsel, hereby states that the following fact and circumstances, along with supporting case law, is relevant and important to his sentencing in this cause.  The defense states as follows:

1. Derremy Jerrell Walker has lived a difficult life.  He witnessed the murder of his Mother when he was only 4 years old.  (R-87, paragraph # 106)

2. Derremy has suffered from depression and post traumatic stress disorder as a result of witnessing his Mother's murder.  (R-87, paragraph # 113)

1

3. Derremy has also experienced difficulties with anger management.

4. Derremy could benefit from psychological counseling, but he is often reluctant to trust other people.

5. Derremy becomes upset if he believes that someone has insulted his intelligence. While there is no doubt that Derremy can read and write, he does have difficulty understanding the legal issues in his case. Undersigned counsel has had to assure Derremy that many people, who do not have training in the law, can have trouble understanding complex legal issues.

6. In 2008, Derremy graduated from Deltona High School in Volusia County, DeLand, Florida.

7. Derremy was in the United States Navy from 2009 to 2012. (R-87, paragraph # 133) While Derremy was court martialed for some sort of dereliction of duty, he received a general discharge. (R-87, paragraph # 133)

8. As far as criminal history, Derremy's only prior conviction was for driving with a suspended driver's license. (R-87, paragraph # 96)

9. The primary issue during the jury trial was whether or not the videos of the minors were sexually explicit videos which should be considered to be child

pornography.

10. United States Sentencing Guideline, Section 2G1.3(d)(1) provides that if an offense involved more than one minor, allows for offenses against minors which are not part of a count for which the Defendant was convicted to be considered a separate minor. U.S.S.G. Section 2G1.3, comment (n.6) Nevertheless, the uncharged conduct must satisfy the principles of relevant conduct under United States Sentencing Guideline, Section 1B1.3(a)(1)(A). When the specific content of each video and whether or not the content demonstrates sexually explicit conduct and therefore the sexual exploitation of a minor child, there must still be proof which meets the preponderance of the evidence standard. *"Relevant conduct is defined broadly and includes both uncharged and acquitted conduct that is proven by a preponderance of the evidence at sentencing…".* U.S.S.G. Section 1B1.3(a)(1)(A), quoted in <u>United States v. Richardson</u>, No. 17-14729 (11th Cir. 2018).

11. An individualized evaluation and finding concerning the video with regard to each pseudo count must be made by the United States District Court.

12. The defense objects to an enhancement, pursuant to U.S.S.G. Section 4B1.5(b)(1), based upon the fact that the defense does not believe that the videos produced in this cause constitute child pornography.

13. As discussed in <u>Defendant's Motion for a New Trial and Renewed Motion for Judgment of Acquital</u> (R-81) and during trial regarding a jury question, there is a critical split among the circuits regarding whether or not a video should be viewed from an objective or subjective point of view.

14. The United States Court of Appeals for the Ninth Circuit has held that an image at issue may be lascivious exhibiting based upon how the photographer arranges it.  *"Each of the pictures featured the child photographed as a sexual object…[T]hat is, so presented by the photographer as to arouse of satisfy the sexual cravings of a voyeur."* <u>Unite States v. Wiegand</u>, 812 F.2d 1239, 1244 (9th Cir. 1987)  The Eleventh Circuit cited <u>Wiegand</u> in the case of <u>United States v. Holmes</u>, No. 14-11137 (February 25, 2016) [PUBLISH], noting *"[L]asciviousness is not a characteristic of the child photographed but of the exhibiting which the photographer sets up for an audience that consists of himself or like-minded pedophiles."* <u>Id</u>.

4

15. In <u>United States v. Ronald Spoor</u>, 904 F.3d 141 (2d Cir. 2018), the Court held that *"to the extent that the intent to elicit a sexual response from the viewer was a relevant factor in determining whether an image was child pornography, is objective, i.e. that it 'should be considered by the jury only to the extent that it is relevant to the jury's analysis of the five other factors and the objective elements of the image." "Whether a video is, objectively, a lascivious exhibiting depends on the content of the video itself and not on the sexual predilection of its creator."* <u>Id</u>.

16. The First Circuit Court of Appeals has agreed that whether or not an image or images constitutes a lascivious exhibition is a question for the factfinder, to be determined under an objective standard through the application of common sense. <u>United States v. Frabizio</u>, 459 F.3d 80, 85 (1st Cir. 2006).

17. Quite clearly, under an objective standard, in other circuits, the videos produced by Mr. Walker may not have been considered by the jury to constitute a lascivious exhibition containing sexually explicit conduct.

18. The relevancy of the preceding discussion of an objective versus subjective standard is relevant to the case of Mr. Walker with regard to sentencing because Defendants in other circuits have most likely been acquitted based

5

upon conduct that is similar to Mr. Walker's conduct. Obviously, an acquitted Defendant gets no prison time while Mr. Walker is facing a minimum mandatory up of 15 years on each of two counts and a maximum sentence totaling 60 years.

19. Title 18 United States Code, Section 3553(a)(6), cites the need to avoid unwarranted sentencing disparities between those guilty of similar conduct. This Honorable Court should consider the stark difference between those in other circuits who receive no prison time and Mr. Walker, who must receive at least 15 years in federal prison.

20. Section 3553(a)(1) requires this Honorable Court to consider *"the nature and circumstances of the offense and the history and characteristics of the* **defendant."**

21. Section 3553(a)(2)D) requires this Honorable Court to consider the need *"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."*

22. Specifically, the defense urges this Honorable Court to impose no more than the 15 year minimum mandatory sentence, concurrent on each of the two counts of conviction.

23. The defense objects to any sentence totaling more than 15 year of imprisonment has being substantively unreasonable.

24. At the time of the filing of this memorandum, no Order has been issued regarding the Defendant's Motion for a New Trial and Reconsideration of his Motion for Acquittal.  (R-81)

**WHEREFORE,** the Defendant respectfully requests that this Honorable Court consider all of the preceding factors, information, and case law when imposing a sentence in this cause.

7

Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the preceding document has been furnished via the electronic filing system to the Office of the U.S. Attorney, AUSA Shawn Napier, Middle District of Florida, Orlando, Florida, on this 25th day of August, 2021.

By: **s/Joseph R. Johnson**
**Joseph R. Johnson, Esq.**
**Florida Bar No.: 0002290**
**JOSEPH R. JOHNSON, P.A.**
**Counsel for Mr. Walker**
**P.O. BOX 798**
**Ocoee, FL 34761**
**Phone: (407) 889-5401**
**JRJohnsonlaw@aol.com**